UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS JAYATON-KERRY, | No. 2:23-cv-02298 TLN AC PS |
| Plaintiff, | |
| v. | ORDER TO SHOW CAUSE |
| JIM COOPER, et al., | |
| Defendants. | |

On October 12, 2023, plaintiff filed this action in pro se and paid the filing fee. ECF No. 1. The case was accordingly referred to the undersigned pursuant to Local Rule 302(c)(21). The undersigned has reviewed the complaint and believes that this court lacks subject matter jurisdiction to hear plaintiff's case, and that the case must be dismissed with prejudice.

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, (1994). In 28 U.S.C. §§ 1331 and 1332(a), "Congress granted federal courts jurisdiction over two general types of cases: cases that "aris[e] under" federal law, § 1331, and cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties, § 1332(a). These jurisdictional grants are known as "federal-question jurisdiction" and "diversity jurisdiction," respectively. Home Depot U. S. A., Inc. v. Jackson, 139 S. Ct. 1743, 1746 (2019), reh'g denied, No. 17-1471, 2019 WL 3538074 (U.S. Aug. 5, 2019).

The complaint alleges jurisdiction based on "Article III, Section 2 of the United States Constitution and 26 U.S.C.A. § 3653.  The District Court is also authorized pursuant to 28 U.S.C. § 1331 and 2202 to grant 'further necessary or proper relief based on a declaratory judgment or decree,' including injunctive relief." ECF No. 1 at 4.  The complaint brings four causes of action: (1) trespass to land, (2) trespass to chattels, (3) trespass to conversion, and (4) larceny. Id. at 1-5.  Plaintiff's complaint states that he is a third-party intervenor suing on behalf of plaintiff, a trust, which owns property located at 2072 50th Ave., Sacramento, California. Id. at 7.  Plaintiff alleges he was present on the property when defendants trespassed on the land. Id. at 9-11.

Plaintiff's complaint, despite its invocation of federal question jurisdiction, does not appear to involve any issues of federal law.  A case "arises under" federal law either where federal law creates the cause of action or "where the vindication of a right under state law necessarily turn[s] on some construction of federal law." Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 8–9 (1983)).  "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Id. at 1089 (quoting Rivet v. Regions Bank, 522 U.S. 470, 475 (1998)).

Here, plaintiff's complaint does not invoke any federal statutory or constitutional right that gives rise to a private cause of action.  See ECF No. 1.  Each of plaintiff's causes of action can be construed only as a tort claim based on state law.  None of these causes of action arise under the Constitution or the Laws of the United States, as required by Article III §2 of the U.S. Constitution and by 28 U.S.C. § 1331.  Plaintiff also invokes Title 26 of the U.S. Code, which is the Internal Revenue Code, and has no apparent applicability to the facts or causes of action alleged.  Finally, plaintiff's reference to 28 U.S.C. § 2202 refers to an additional relief statute that accompanies §2201, which gives courts the ability to make a declaration of rights and other legal relations "[i]n a case of actual controversy within its jurisdiction[.]" 28 U.S.C. § 2201.  This statute does not confer federal jurisdiction where jurisdiction does not otherwise already exist.

////

Good cause appearing, IT IS HEREBY ORDERED that plaintiff shall show cause, in writing, no later than October 27, 2023, why this court has subject matter jurisdiction over his case. If plaintiff fails to respond by October 27, 2023, the court will recommend dismissal of his case with prejudice for lack of subject matter jurisdiction.

DATED: October 13, 2023

_Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE