UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS JAYATON-KERRY,<br><br>Plaintiff,<br><br>v.<br><br>JIM COOPER, SACRAMENTO SHERIFF, et al.,<br><br>Defendants. | No.  2:23-cv-02298 TLN AC PS<br><br><br>ORDER and FINDINGS AND RECOMMENDATIONS |

   Plaintiff is proceeding in this matter pro se and paid the filing fee.  ECF No. 1.  Pre-trial proceedings are accordingly referred to the undersigned pursuant to Local Rule 302(c)(21). Plaintiff filed his initial complaint on October 11, 2023 (ECF No. 5), and filed the operative Corrected First Amended Complaint on October 17, 2023 (ECF No. 6).  Plaintiff has filed numerous motions: Motion to Intervene and Motion for Injunctive Relief (ECF No. 14); Motion for Default Judgment (ECF No. 18); Motion for Temporary Restraining Order (ECF No. 29); Motion to Proceed in Forma Pauperis (ECF No. 38); Motion for Summary Judgment (ECF No. 41); and Motions for Disqualification (ECF Nos. 47 and 48).  Defendants Jim Cooper and Angel Delgadillo (the County defendants) have filed a motion to dismiss (ECF No. 15), and defendants Melissa Robbins Coutts and Kevin McCarthy filed a motion to dismiss and to strike (ECF No. 16).  These matters were heard in open court on January 10, 2024, with plaintiff present in person

1  and defense counsel John Whitefleeet and Melissa Coutts appearing remotely via telephone. ECF
2  No. 49.

### I. Background

Plaintiff purports to bring this case as "Third Party Intervenor/Injured Party" on behalf of (or in the matter of) the Mary Alice Nelson-Rogers Trust. ECF No. 1 (original complaint) at 1; ECF No. 6 (Corrected First Amended Complaint) at 1. The case concerns the eviction of plaintiff's family from his mother's property at 2027 50th Ave., Sacramento, California, on October 27, 2022. ECF No. 6 at 3, 20. Plaintiff asserts that his mother, Mary Alice Nelson Rogers, is the Grantor Trustee of a trust that owns the property, and that plaintiff is a beneficiary of the trust who was residing there as of October 22, 2022. Id. at 21. Plaintiff asserts he was wrongfully removed from the property, and that defendants targeted him based on race and infringed on his liberties as an American Indian. Id. at 4. Plaintiff brings 21 claims, including the following federal claims: unreasonable search and seizure in violation of the Fourth Amendment (Claims 1 and 11); violation of the equal protection clause of the Fourteenth Amendment (Claims 2, 10); race discrimination in a federally funded program in violation of Title VI of the Civil Rights Act (Claim 8); violation of the Indian Civil Rights Act (Claim 9); denial of right to interstate travel and migration in violation of the Fourth and Fourteenth Amendments (Claim 12); denial of access to the courthouse in violation of 42 U.S.C. § 1983 (Claim 13); and violation of 18 U.S.C. §§ 241, 242, 245 Conspiracy Against Rights (Claim 20). ECF No. 6 at 1-19. The remainder of plaintiff's claims assert violations of state law.

Having carefully reviewed the operative Corrected First Amended Complaint, ECF No. 6, the undersigned finds that all claims, though invoking different legal theories, arise from a common core of facts: the removal of plaintiff's family from the subject property and related legal proceedings.[1]

////

////

---

[1] As detailed below, judicially noticeable documents establish that a nonjudicial foreclosure was followed by an unlawful detainer action and subsequent eviction.

**II. Plaintiff's Motions**

A. Motion to Intervene and Motion for Injunctive Relief (ECF No. 14)

Plaintiff filed a document captioned "Notice of Motion and Motion to Intervene with an Injunction." ECF No. 14 at 1. The body of the document consists largely of a list of provisions from the California Constitution and the U.S. Constitution, information regarding treaty rights between the United States of America and the Creek and Seminole Indians, and Apostolic Letters from Pope Frances on the Jurisdiction of Judicial Authorities of Vatican City State in Criminal Matters. Id. at 2-24. There is also a statement by plaintiff that is largely unintelligible. Id. at 2. The motion provides no discernable request for relief available under the Federal Rules of Civil Procedure and will therefore be denied.

B. Motion for Default Judgment (ECF No. 18)

Obtaining a default judgment in federal court is a two-step process. Pursuant to Federal Rule of Civil Procedure 55(a), default may be entered by the Clerk of Court against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action. However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." PepsiCo, Inc. v. Cal. Sec. Cans, 238 F.Supp.2d 1172, 1174 (C.D. Cal. 2002). Following a Clerk's entry of default, a plaintiff may move for default judgment under Rule 55(b). The decision to grant or deny default judgment lies within the district court's sound discretion. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). The court considers factors including (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Default judgments are ordinarily disfavored. Id. at 1472.

On November 22, 2023, plaintiff requested a Clerk's entry of default against all defendants and moved for default judgment. ECF Nos. 17, 18. The Clerk subsequently entered default against defendant Nathan Cleaver only. ECF No. 24. Entry of default was denied as to all

other defendants because each of them has either appeared or has not been properly served. ECF Nos. 20, 21, 22, 23. Because entry of default is precondition to a motion for default judgment, the motion for default judgment is procedurally improper as to all defendants except for Cleaver.

However, even as to Cleaver, the motion is inadequately supported such that it cannot be considered on its merits. Plaintiff's motion for default judgment is essentially a proposed order; it addresses only the relief plaintiff wishes to receive, and none of the factors relevant to the decision to grant or deny a default judgment under Eitel, supra. See ECF No. 18. Because the motion for default judgment is procedurally improper and substantively deficient, it should be denied.

C. Motion for Temporary Restraining Order (ECF No. 29)

Plaintiff seeks a temporary restraining order and preliminary injunction preventing defendants and their agents from "being anywhere within at least 1000 feet from me, Jayaton-Kerry: Thomas" and several vehicles and Golf Couse Terrace Unit No. 18, which are identified as locations "where I lay my head[.]" ECF No. 29 at 2. Plaintiff asserts in support of injunctive relief that Sheriff's Department officers have been coming to his land posting notices to vacate. Id. at 3. Plaintiff asserts that he fears he will be physically removed from his land, but he does not identify any specific, imminent threat against himself or his property. The motion for a temporary restraining order is defective because plaintiff has not provided all the necessary documents required by Local Rule 231(c), such as an affidavit in support of the existence of an irreparable injury and a provision for a bond within the proposed temporary restraining order. The request for a temporary restraining order is therefore procedurally improper and must be denied.

As to the request for a preliminary injunction, plaintiff fails to identify any specific threat of irreparable harm warranting injunctive relief. "A preliminary injunction is an 'extraordinary and drastic remedy,' … [which is] never awarded as of right." Munaf v. Geren, 553 U.S. 674, 689-90 (2008) (citations omitted). "The sole purpose of a preliminary injunction is to 'preserve the status quo ante litem pending a determination of the action on the merits'." Sierra Forest Legacy v. Rey, 577 F.3d 1015, 1023 (9th Cir. 2009) (citing L.A. Memorial Coliseum Comm'n v.

4

NFL, 634 F.2d 1197, 1200 (9th Cir. 1980)); see also 11A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2947 (2d ed. 2010).  The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature.  Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).  Plaintiff has identified no such risk of imminent harm with the requisite specificity.

Moreover, preliminary injunctive relief is unwarranted without a showing "as an irreducible minimum that there is a fair chance of success on the merits." Johnson v. California State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) (citation and internal quotation marks omitted).  For all the reasons discussed below in relation to defendants' motions, there is little apparent likelihood of success on the merits in this case.  Accordingly, this motion should be denied.

D. Motion to Proceed in Forma Pauperis (ECF No. 38)

On December 20, 2023, plaintiff filed a motion to proceed in forma pauperis.  ECF No. 38.  Plaintiff paid the filing fee in this case on October 11, 2023 (see docket notation).  This motion (ECF No. 38) is therefore denied as moot.

E. Motion for Summary Judgment (ECF No. 41)

Plaintiff moved for summary judgment on December 26, 2023.  ECF No. 41.  Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Summary judgment should be entered, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." See Celotex Corp v. Catrett, 477 U.S. 317, 322 (1986); Parth v. Pomona Valley Hosp. Medical Center, 630 F.3d 794, 798-99 (9th Cir. 2010) (citing Celotex); Wyatt v. Cole, 504 U.S. 158, 171 (1992) (same).  Summary judgment motions are not generally appropriate until "adequate time for discovery" has been provided.  Celotex, 477 U.S. at 322.  This motion was filed prior to a Fed. R. Civ. P. 26(f) conference and no discovery has occurred in this case.  The motion is accordingly

////

premature, and the undersigned RECOMMENDS that the motion (ECF No. 41) be summarily denied.

  F. <u>Motion for Disqualification (ECF Nos. 47 and 48)</u>

   On January 5, 2024, plaintiff filed a motion for disqualification of both the undersigned magistrate judge and the district judge, in which he sets forth a list of questions that plaintiff demands the judges answer under oath. ECF No. 47 at 3-4. Plaintiff filed a second such motion at ECF No. 48. Plaintiff states that if the questions he propounded upon the judicial officers are not answered he will demand the judges be removed from this case and he will demand criminal charges be brought against them. ECF No. 47 at 4. Plaintiff states the motion is brought "based on the history of Judge and Magistrate and how these two have conducted themselves against previous family members in which affiant believes that the effect on the issues that cause injury to me and instigated this Tort filing." <u>Id.</u> at 2.

   The Ninth Circuit has "held repeatedly that the challenged judge himself should rule on the legal sufficiency of a recusal motion in the first instance." <u>United States v. Studley</u>, 783 F.2d 934, 940 (9th Cir. 1986) (citing <u>United States v. Azhocar</u>, 581 F.2d 735, 738 (9th Cir. 1978) (collecting cases)). "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein." 28 U.S.C. § 144. "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Under both recusal statutes, the substantive standard is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." <u>Studley</u>, 783 F.2d at 939 (quoting <u>Mayes v. Leipziger</u>, 729 F.2d 605, 607 (9th Cir. 1984) (internal quotations omitted)). "To provide grounds for recusal, prejudice must result from an extrajudicial source. A judge's previous adverse ruling alone is not sufficient bias." <u>Mayes v. Leipziger</u>, 729 F.2d 605, 607 (9th Cir. 1984)(internal citation omitted).

   The undersigned declines to recuse herself. Despite plaintiff's accusations, the

undersigned has no conflict of interest and is fully capable of justly adjudicating all claims involved. Plaintiff identifies no specific cause for recusal in his pleadings other than prior adverse rulings, which is a legally insufficient basis for recusal. His demand that judicial officers answer his interrogatories lacks any legal basis. The disqualification motions are therefore denied as to the undersigned. It is recommended that Judge Nunley also deny the motions as to himself, as plaintiff has not presented any information indicating that Judge Nunley has a personal bias or reason to recuse himself in this case.

### III.     Defendants' Motions

A. Overview

Two motions to dismiss are before the court, one brought by the County Defendants, Jim Cooper and Angel Delgadillo (ECF No. 15), and one brought by defendants Melissa Robbins Coutts and Kevin McCarthy (ECF No. 16). Plaintiff did not file oppositions to these motions but does acknowledge their existence in his motion for summary judgment, which argues that they were filed in violation of Fed. R. Civ. P. 5 and 18 U.S.C. § 1519 by "ultra vires attorneys." ECF No. 41 at 6. In an abundance of leniency for the pro se plaintiff, the court will construe the arguments about the motions to dismiss that are included in ECF No. 41 as a statement of opposition to the motions to dismiss. In other words, plaintiff's failure to file a proper opposition will not be a recommended basis for granting the motions. See E.D. Cal. Local Rule 230(c) (failure to file timely opposition may be construed as non-opposition to the granting of a motion).

At the hearing, plaintiff acknowledged that he was aware of the existence of these motions but refused to recognize them as validly pending on grounds that the motions were not properly served upon him. When plaintiff asserted in open court that he had never received copies of the motions, the undersigned offered him the opportunity to obtain copies of the motions from the Clerk of Court and have an additional 14 days to respond in writing before issuance of findings and recommendations. Plaintiff refused this opportunity, expressing a belief that the court was aiding defendants and was attempting to cause plaintiff to incriminate himself.

As to the issue of service, the docket reflects that both motions were served on plaintiff by mail at his address of record. Each motion contains a proper declaration of service. ECF No. 15

at 3; ECF No. 16-4 at 2. Service thus complied with Fed. R. Civ. P. 5(b)(2)(C), which states service of motions may be completed by "mailing it to the person's last known address—in which event service is complete upon mailing." Because service complied with the applicable rules, the court rejects plaintiff's argument that the motions may not be considered because he was not served with them.

In sum, the court construes plaintiff's statements in writing and in open court about the alleged impropriety of the motions as a statement of opposition to dismissal. Defendants Cooper and Delgadillo have submitted a reply brief. ECF No. 44. The motions are properly before the court for consideration.

B. Legal Standard Under Rule 12(b)(6)

"The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint." N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

To survive dismissal for failure to state a claim, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). It is insufficient for the pleading to contain a statement of facts that "merely creates a suspicion" that the pleader might have a legally cognizable right of action. Id. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-35 (3d ed. 2004)). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court "must accept as true all of the factual allegations contained in the complaint," construe those allegations in the light most

favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 131 S. Ct. 3055 (2011); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010). However, the court need not accept as true legal conclusions cast in the form of factual allegations, or allegations that contradict matters properly subject to judicial notice. See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). Pro se complaints are construed liberally and may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014). The court's liberal interpretation of a pro se complaint, however, may not supply essential elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992).

   C.  Judicial Notice

Defendants Melissa Robbins Coutts and Kevin McCarthy filed a request for judicial notice pursuant to Federal Rule of Evidence 201, which provides for judicial notice of adjudicative facts. ECF No. 16-2. A judicially noticed fact must be one not subject to reasonable dispute in that is either (1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Rule 201(b), Fed. R. Civ. P. The rule permits judicial notice of public records. Lee v. City of Los Angeles, 250 F.3d 668, 689-90 (9th Cir. 2001). Court records are routinely subject to judicial notice on the request of a party. Bennett v. Medtronic, Inc., 285 F.3d 801, 803 fn.2 (9th Cir. 2002).

Here, defendants ask the court to take notice of the following court records:

- Trustee's Deed Upon Sale recorded with the Sacramento County Recorder's Office on December 8, 2021, as Document Number 202112080772 (ECF No. 16-2, Ex. A);

- Complaint for Unlawful Detainer Following Foreclosure Sale, filed in Sacramento County Superior Court on February 16, 2022 as Case Number 22UD00860 (id., Ex. B);
- Judgment – Unlawful Detainer, filed on June 20, 2022 in Sacramento County Superior Court Case Number 22UD00860 (id., Ex. C);
- Writ of Possession of Real Property issued on September 9, 2022 in Sacramento County Superior Court Case Number 22UD00860 (id., Ex. D); and
- Return on Writ of Possession issued on November 1, 2022 in Sacramento County Superior Court Case Number 22UD00860 (id., Ex. E).

Judicial notice of these documents is appropriate and the request (ECF No. 16-2) is granted.

These documents explain the chain of title and possession for the property 2075 50th Ave., Sacramento, CA (the "Property"), which plaintiff contends is rightfully owned by the Mary Alice Nelson Rogers Trust, which he purports to represent. The documents show that in 2021, the Property, which was owned by Mary Alice Nelson Rogers, was sold in a nonjudicial foreclosure and title transferred to JPMorgan Chase Bank, National Association. ECF No. 16-2, Ex. A. The foreclosure was conducted by Quality Loan Service Corporation, as trustee of the foreclosed deed of trust. Id. Following the foreclosure, JPMorgan Chase Bank filed a Complaint for Unlawful Detainer in the Sacramento County Superior Court under Case Number 22UD00860. ECF No. 16-2, Ex. B. The Superior Court rendered Judgment in favor of JPMorgan Chase Bank on June 20, 2022, granting possession of the Property to the Bank. ECF No. 16-2, Ex. C. The Superior Court issued a Writ of Possession in furtherance of the Judgment. ECF No. 16-2, Ex. D. On October 27, 2022, the Sacramento County Sheriff's Office executed the Writ of Possession, removed plaintiff and the other occupants from the premises, and placed JPMorgan Chase Bank in peaceful possession by turning over possession to the Bank's agent, Nathan Cleaver. ECF No. 16-2, Ex. E.

D. The County Defendants' Motion

    1.    Plaintiff Lacks Standing to Pursue Claims Based on Rights to the Subject Property

Defendants contend that plaintiff "does not have standing to sue on behalf of his mother."

ECF No. 15-1 at 4. Although defendants' argument conflates Article III standing with issues related to representative capacity, see id. at 4-5, both principles support dismissal.

Plaintiff purports to bring this case as "Third Party Intervenor/Injured Party" on behalf of (or in the matter of) the Mary Alice Nelson-Rogers Trust. ECF No. 6 at 1. The Article III case or controversy requirement limits federal courts' subject matter jurisdiction by requiring, among other things, that plaintiffs have standing. Chandler v. State Farm Mut. Auto. Ins. Co., 598 F.3d 1115, 1121-22 (9th Cir. 2010) (citing Allen v. Wright, 468 U.S. 737, 750 (1984)). The "irreducible constitutional minimum of standing" contains three elements, which the party invoking jurisdiction must prove. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). The first of these is dispositive here: plaintiff must establish that he personally suffered an "injury in fact," meaning an "invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." Id. at 560 (citations, internal quotation marks, and footnote omitted). The injury must be to plaintiff's own rights; he may not rely on the rights or interests of third parties. Department of Labor v. Triplett, 494 U.S. 715, 720 (1990).

The complaint alleges that the Mary Alice Nelson-Rogers Trust, not plaintiff, owned the subject property. Accordingly, any infringement of rights to the property would constitute an injury to the Trust. Under California law "the trustee is the real party in interest with standing to sue and defend on the trust's behalf." Estate of Giraldin, 55 Cal. 4th 1058, 1074 (2012) (internal quotation marks omitted); see also Cal. Civ. Pro. §369. "[A]ny action by or against the trust must proceed through the trustees [...] in their representative capacity, as it is the trustees who hold title to the property held in trust." Portico Mgmt. Grp., LLC v. Harrison, 202 Cal. App. 4th 464, 475 (2011). The complaint states that plaintiff was a beneficiary of the Trust, not a trustee. Accordingly, he lacks standing to raise claims on behalf of the trust.

Because he did not hold title to the property, plaintiff did not have a legally protected interest that could have been injured by the actions of the bank or by the individuals and entities involved in the foreclosure and its aftermath. Plaintiff's status as a resident of his mother's home necessarily terminated with her ownership, as occupancy rights lie in relationship to the property

11

owner.² Absent an injury to his own legally protected interest, plaintiff lacks the Article III standing required to support jurisdiction over this lawsuit.

When asked at the hearing which if any of plaintiff's claims arise from alleged injury to his own rights, as distinct from the property and the Trust, plaintiff objected to the distinction and refused to answer the question directly. Although the complaint is difficult to understand, the court has reviewed it carefully in search of an alleged injury to plaintiff that is arguably independent of the property rights at the core of the dispute. The court finds none.³ In any event, the gravamen of the complaint is clearly the bank's taking of the property and the family's consequent removal from it. In sum, plaintiff lacks standing to bring claims arising from the foreclosure because he was not the person whose legal rights were injured.

Moreover, a pro se litigant may not appear on behalf of a trust or on behalf of another individual. See C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697-98 (9th Cir. 1987). The privilege to appear pro se in federal court is personal, and a pro se party has no authority to appear as an attorney for anyone other than himself. Id.; see also Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997). To the extent that Mary Alice Nelson-Rogers has any claims, plaintiff may not assert them for her. To the extent that the Mary Alice Nelson-Rogers Trust has any claims, it may bring them only through counsel. See E.D. Cal. Local Rule 183(a) (a corporation or other entity may appear only by an attorney); see also United States v. Stepard, 876 F. Supp. 214, 215 (D. Ariz. 1994). Although the issue of plaintiff's lack of representative capacity to appear on behalf of others is distinct from his Article III standing, it also supports

---

² An exception may have applied under California Code of Civil Procedure § 1161b if plaintiff had a written or oral lease. This statute, notice of which was provided to occupants of the subject property during the unlawful detainer process, could have provided additional time for individuals with tenancy rights to remain in the home. See ECF No. 16-2 at 22-23. Plaintiff has alleged no tenancy rights under this or any other renters' protection law.

³ Although plaintiff makes repeated rhetorical points about excessive force and racial discrimination, these appear to be references to the facts of a foreclosure and subsequent eviction that plaintiff believes were unjust and illegal on grounds including his ancestry. There are no specific facts alleged that demonstrate force was used (other than the fact of physical removal from the property) or racist conduct directed to plaintiff personally by any defendant.

dismissal.  See C.E. Pope, 818 F.2d at 697-98 (affirming dismissal where pro se litigant appeared on behalf of trust).

        2.        This Action is Barred by the Rooker-Feldman Doctrine

Defendants Cooper and Delgadillo contend, relying on the judicially-noticeable documents described above, that this action is barred by the Rooker-Feldman doctrine[4] because each of plaintiff's claims is based on the foreclosure and sale of his mother's house, which has already been adjudicated in state court.  ECF No. 44 at 3-4.

The Rooker-Feldman doctrine "stands for the relatively straightforward principle that federal district courts do not have jurisdiction to hear de facto appeals from state court judgments."  Carmona v. Carmona, 603 F.3d 1041, 1050-51 (9th Cir. 2010).  The doctrine prohibits federal district courts from hearing cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

To determine if the Rooker-Feldman doctrine bars a case, the court must first determine if the federal action contains a "forbidden de facto appeal" of a state court judicial decision.  Noel v. Hall, 341 F.3d 1148, 1156 (9th Cir. 2003).  If it does not, "the Rooker-Feldman inquiry ends."  Bell v. City of Boise, 709 F.3d 890, 897 (9th Cir. 2013).  If the court determines that the action amounts to a forbidden appeal, however, the court cannot hear the de facto appeal portion of the case—and, as part of that refusal, must also refuse to decide any issue raised in the suit that is "inextricably intertwined" with an issue resolved by the state court in its judicial decision.  Noel, 341 F.3d at 1158; see also Bell, 709 F.3d at 897 ("The 'inextricably intertwined' language from Feldman is not a test to determine whether a claim is a de facto appeal, but is rather a second and distinct step in the Rooker-Feldman analysis.").

Here, each claim made by plaintiff is predicated on the underlying assertion that he has a right to possess or occupy the subject property.  In court, plaintiff denied that his claims arise

---

[4] See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

from the foreclosure sale and eviction, but this denial appears to be based on plaintiff's refusal to recognize the legitimacy of the foreclosure and eviction as such. Plaintiff referenced homestead claims and Native American land rights, stating that he was "not talking about eviction [but] talking about an Indian declaration to land." Nonetheless, it is clear from the contents of the complaint and from the hearing that each of plaintiff's causes of action stem from his inability to access and reside at the Property. Because the Sacramento County Superior Court in JPMorgan Chase Bank v. Mary Alice Nelson Rogers, Case Number 22UD00860, gave possession of the Property to JPMorgan Chase Bank in 2022 and plaintiff, as a resident, was evicted pursuant to a state court judgment and unlawful detainer order, a ruling in this case would necessarily disturb the state court ruling in contravention of the Rooker-Feldman doctrine. For this reason, the court lacks jurisdiction to hear this case.[5]

        3.       <u>Plaintiff's State Law Claims Against the County Defendants are Barred by the California Government Claims Act</u>

State law claims are governed by California law, which requires compliance with the California Government Claims Act. "Before a person can sue a [California] public entity or public employee for money damages for actions taken within the scope of the person's employment, he or she must first file a government claim pursuant to the CGCA, codified at California Government Code section 810 et seq." Robinson v. Alameda County, 875 F. Supp. 2d 1029, 1043 (N.D. Cal. 2012) (citations omitted). This claim presentation requirement applies to state law claims brought in federal court. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988). Failure to satisfy the requirement bars suit. State of California v. Superior Court (Bodde), 32 Cal. 4th 1234, 1239 (2004). Because compliance is an element of a

---

[5] To the extent proceedings in state court may be ongoing, this case would be barred by the doctrine of Younger abstention, which prohibits a federal court's interference with an ongoing state court case where the "pending state proceeding that implicates important state interests and provides the federal plaintiff with an opportunity to raise federal claims." Baffert v. California Horse Racing Bd., 332 F.3d 613, 617 (9th Cir. 2003). Whether or not the underlying state case remains open, the orders related to ownership and possession of the subject property are final. Rooker-Feldman prevents the court from exercising jurisdiction over this case because it is an improper de facto appeal of state court orders regarding property ownership and possession.

cause of action against a public entity, the failure to plead compliance subjects a complaint to dismissal. State of California v. Superior Court (Bodde), 32 Cal. 4th 1234, 1240-1241 (2004).

The complaint before the court does not allege compliance with the claim presentation requirement of the Act.[6] Accordingly, all of plaintiff's purported state law claims against the County defendants— Claims Three (trespass to land), Four (trespass to chattels), Six (larceny), Seven (robbery and burglary) Fourteen (race based discrimination pursuant to Gov. Code §§ 11135 and 11139), Seventeen (Tom Bane Civil Rights Act), Eighteen (intentional infliction of emotional distress), and Nineteen (negligent infliction of emotional distress)—must be dismissed.

    4.    Other Grounds for Motion

Because the matters addressed above require dismissal of all claims against the County defendants, the undersigned does not address qualified immunity or the legal deficiencies of particular claims.[7]

E. Motion of Defendants Coutts and McCarthy

Defendants Melissa Robbins Coutts and Kevin McCarthy are attorneys with the law firm McCarthy & Holthus, LLP, which represented JPMorgan Chase Bank in the unlawful detainer action that followed foreclosure and resulted in the removal of plaintiff and his family from the subject property. They are sued here for their conduct related to that litigation. The complaint also appears to allege that McCarthy acted unlawfully as an officer of Quality Loan Service

---

[6] Defendants have proffered evidence that plaintiff never filed such a claim. See ECF No. 15-2 (Declaration of Charles Torretta). While the recommendation for dismissal is based on a pleading defect, defendant's showing indicates that amendment to cure the defect would be futile.

[7] In a similar vein to their Rooker-Feldman argument, the County defendants contend that this court should decline to exercise jurisdiction under the Penn General doctrine, which prohibits a state or federal court from assuming in rem jurisdiction over a res that is already under the in rem jurisdiction of another court. Penn Gen. Casualty Co. v. Pennsylvania, 294 U.S. 189, 195 (1935). ECF No. 44. It is unclear that the property at issue is currently under the in rem jurisdiction of the state court. In any event, this federal lawsuit can be fairly construed as an in rem action. Plaintiff is not asking this court to take possession of the subject property. See In re Seizure of Approximately 28 Grams of Marijuana, 278 F. Supp. 2d 1097, 1108 (N.D. Cal. 2003) ("The lesson of Penn General is clearly that federal courts may not interfere with state court in rem jurisdiction by forcibly taking possession of the res."). Penn General has no application where, as here, an action is brought *in personam* to determine the rights of persons to property without invoking the court's jurisdiction over the property itself. See Penn General, 294 U.S. at 195.

1 Corporation, which conducted the foreclosure. Coutts and McCarthy move for dismissal on
2 numerous grounds, including (1) that plaintiff is precluded from collaterally attacking the state
3 court eviction judgment in this action; (2) that defendants are not state actors and did not act
4 under "color of law" as required for liability on the federal claims; and (3) that the state law
5 claims fail because the allegations do not state any claim for relief. ECF No. 16-1 at 2, 3-7. The
6 lawyer defendants also move to strike the operative Corrected Amended Complaint under
7 California's Anti-SLAPP statute, Cal. Code Civ. Pro. § 425.16. Id. at 8-11.

8 These arguments are all well taken, but need not all be reached. Section 1983 "creates a
9 cause of action against a person who, acting under color of state law, deprives another of rights
10 guaranteed under the Constitution." Henderson v. City of Simi Valley, 305 F.3d 1052, 1056 (9th
11 Cir. 2002). "Action under color of state law normally consists of action taken by a public agency
12 or officer." Taylor v. First Wyo. Bank, N.A., 707 F.2d 388, 389 (9th Cir. 1983). There is no
13 cause of action under § 1983 for claims against private parties where no government involvement
14 is alleged. See Apao v. Bank of New York, 324 F.3d 1091, 1093 (9th Cir.), cert. denied, 540 U.S.
15 948 (2003). Although the complaint here, liberally construed, does allege (albeit in conclusory
16 fashion) that the private and public entity defendants acted in concert—which in some
17 circumstances may render the conduct of a private party "action under color of state law"[8]—the
18 conduct of lawyers in representing their clients does not satisfy the "color of law" requirement.
19 See Tunheim v. Bowman, 366 F.Supp. 1395, 1396-1397 (D. Nev. 1973). And the client of Coutts
20 and McCarthy was not a public entity but a private actor, JPMorgan Chase, pursuing its private
21 interests. Accordingly, it does not appear that any federal constitutional claim could lie against
22 the lawyer defendants.

23 The court need not separately analyze the sufficiency of plaintiff's state law claims as
24 stated against these defendants. Where the federal claims are eliminated early in a case, the
25 federal court may—and should here—decline to exercise supplemental jurisdiction over pendent
26 state law claims. See 28 U.S.C. § 1367(c)(3); Religious Tech. Ctr. v. Wollersheim, 971 F.2d 364,

---

[8] See, e.g., Lugar v. Edmonson Oil Co., 457 U.S. 922 (1982) (joint participation with state officials may constitute action under color of law).

367-368 (9th Cir. 1992). For similar reasons, the undersigned declines to address the motion to strike under the Anti-SLAPP statute.[9]

As the court has explained in discussion of the County defendants' motion, this entire lawsuit is subject to dismissal on Rooker-Feldman grounds. The court construes Coutts' and McCarthy's assertion that the eviction judgment precludes this lawsuit, ECF No. 16-1 at 2, as a joinder in that argument.

The most fundamental defect in this case, however, is plaintiff's lack of standing to assert rights derivative of the former property-owner's rights. Although Coutts and McCarthy do not present that issue, this court has a sua sponte obligation to examine its jurisdiction and dismiss if the requirements of Article III are not met. See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.") For the reasons already explained, such dismissal is required here.

### IV. Leave to Amend Is Not Appropriate

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987). The undersigned has identified numerous deficiencies in this case that require dismissal of the operative complaint. Even if some of these might theoretically be addressed on amendment—for example, if plaintiff had additional facts to show that the private defendants acted under color of law, or that he had filed a claim with the County under the California Government Claims Act, or if plaintiff wished to clarify or supplement his factual allegations in support of any of his claims for relief—the most fundamental defects cannot be cured by amendment.

Because the state court issued final judgments regarding possession of the subject property and the eviction of its previous owner and her family, the Rooker-Feldman doctrine bars any and all claims seeking to challenge ownership and occupancy. Any claims not directly

---

[9] When a motion filed pursuant to Rule 12(b)(6) is granted and certain claims are dismissed, a motion to strike under the state law may be rendered moot. This is because, as the Ninth Circuit has noted, "the purpose of the anti-SLAPP statute [is] the early dismissal of meritless claims. . . ." Verizon Delaware, Inc. v. Covad Comm. Co., 377 F.3d 1081, 1091 (9th Cir. 2004).

disputing ownership and occupancy are "inextricably intertwined" with the foreclosure and eviction, and thus are also barred by Rooker-Feldman. See Noel, 341 F.3d at 1158. And because plaintiff's asserted rights and alleged injuries all derive from the asserted rights of the previous property-owner and injuries to the Mary Alice Nelson-Rogers Trust, plaintiff lacks standing to prosecute this lawsuit. See Triplett, 494 U.S. at 720. These defects undermine this court's subject matter jurisdiction. They are not defects that can be cured by the pleading of additional facts, they are defects that are inherent to the gravamen of the complaint. Accordingly, amendment would be futile and should not be granted. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) (leave to amend may be denied when amendment would be futile).

### V. Pro Se Plaintiff's Summary

The Magistrate Judge is recommending that your case be dismissed because the state court orders regarding the ownership and possession of the property you were living at are final, and the federal court cannot consider claims that challenge their legitimacy. Further, you cannot bring this case because you did not have any right to the property that you were evicted from, and as a non-lawyer, you cannot represent your mother or any trust she may have had. Finally, it is clear from the contents of your complaint that you cannot win on your federal legal claims. You have 21 days to file objections for the District Judge to consider.

### VI. Conclusion

Accordingly, the undersigned ORDERS as follows:

1. Plaintiff's motion to intervene and for injunctive relief (ECF No. 14) is DENIED as procedurally improper;
2. Plaintiff's motion to proceed in forma pauperis (ECF No. 38) is DENIED as moot; and
3. Plaintiff's motions for disqualification (ECF Nos. 47 and 48) are DENIED insofar as the undersigned declines to recuse herself.

The undersigned further RECOMMENDS that:

1. Plaintiff's motion for default judgment (ECF No. 18) be DENIED;
2. Plaintiff's motion for a temporary restraining order (ECF No. 29) be DENIED;
3. Plaintiff's motion for summary judgment (ECF No. 41) be DENIED;

4. Plaintiff's motions for disqualification (ECF Nos. 47 and 48) be DENIED as to the district judge;

5. The County Defendants' motion to dismiss (ECF No. 15) be GRANTED;

6. The motion of Defendants Coutts and McCarthy to dismiss (ECF No. 16) be GRANTED; and

7. This case be dismissed in its entirety without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: January 18, 2024

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE